

EOD
03/05/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN BROWN and | § | Case No. 05-49114 |
| JILL BROWN, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |

## **MEMORANDUM OPINION**

This matter is before the Court following a hearing on a motion by the Chapter 13 trustee seeking to dismiss this case and a motion by the Debtors seeking to modify their Chapter 13 plan. The Court exercises its core jurisdiction over this dispute pursuant to 28 U.S.C. §§ 157 and 1334. The following constitutes the Court's findings of fact and conclusions of law.

## **I. FINDINGS**

The Debtors initiated this case by filing a petition for relief under Chapter 13 of the Bankruptcy Code on December 15, 2005. Mr. Brown was employed in sales at that time, and Mrs. Brown was working for her mother as the store manager for a local company. Mr. Brown's gross monthly income was $6,266, and Mrs. Brown's gross monthly income was $4,300 as of the petition date. Their total combined monthly net monthly income was $10,941.47 as of the petition date.

The Debtors filed a proposed Chapter 13 plan with their bankruptcy petition. In their plan, the Debtors proposed to make payments in the amount of $400 a month for 60 months, for a total payment of $24,000 to the Chapter 13 trustee. The Court scheduled a hearing on confirmation to be held on March 22, 2006. The Chapter 13 trustee opposed

confirmation, asserting, among other things, that the Debtors did not appear to have sufficient disposable income to fund their proposed plan.

On March 24, 2006, the Court entered an Order Denying Confirmation of Chapter 13 Plan, Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan, and Setting Final Dismissal Deadline Pertaining to Plan Confirmation (the "First Denial Order"). The Court thereby denied confirmation of the Debtors' proposed plan and ordered the Debtors to file a new plan within 30 days. The Debtors timely filed an amended Chapter 13 plan, which, like their original plan, proposed to make payments in the amount of $400 a month for 60 months, for a total payment of $24,000 to the Chapter 13 trustee.

The Court scheduled the Debtors' proposed plan for hearing on June 7, 2006. The Chapter 13 trustee objected to confirmation, asserting, among other things, that it now appeared that the Debtors were not dedicating all projected disposable income to the proposed plan as required by 11 U.S.C. § 1325(b)(1)(B). The confirmation hearing was continued from June 7, 2006 to August 9, 2006. Prior to the continued hearing, Mr. Brown lost his job. He filed an amended Schedule I – Current Income of Individual Debtor(s) ("Schedule I") and an amended Schedule J – Current Expenditures of Individual Debtor(s) ("Schedule J") on July 20, 2006. The Chapter 13 trustee thereafter withdrew her objection that the Debtors were not proposing to devote all of their disposable income to their proposed plan. The Court entered an Order Confirming Chapter 13 Plan and Related Orders (the "Confirmation Order") on August 10, 2006.

Mr. Brown returned to work in January 2007 for Image National, Inc. At the time of the hearing on the Chapter 13 trustee's Motion to Dismiss, Mr. Brown was still

2

employed with that company. Mr. Brown's monthly gross income was $7,028 at the time of the hearing, and his monthly net income was $4,781.

On February 15, 2007, the Chapter 13 trustee sent a letter to the Debtors requesting information and documentation. The Chapter 13 trustee specifically requested the last three payment advices from any source relating to Mr. Brown. The Debtors' testimony that they did not receive this letter was not credible. In fact, the Debtors met with their bankruptcy attorney shortly after receiving the letter. Immediately after meeting with their attorney, Mrs. Brown's income from managing her mother's business was reduced from approximately $1,000 per week to $375 per week.

The Chapter 13 trustee subsequently discovered that Mr. Brown was employed again. The Chapter 13 trustee requested copies of his pay stubs, but the Debtors failed to respond. Accordingly, on April 4, 2007, the Chapter 13 trustee filed a Motion to Dismiss. In the Motion to Dismiss, the Chapter 13 trustee asserted that the Debtors were proceeding in bad faith and that cause existed to dismiss their case pursuant to 11 U.S.C. § 1307(c)(1).

A hearing on the Motion to Dismiss was originally scheduled to be held on April 25, 2007. At the hearing, the Chapter 13 trustee announced that the parties had agreed to continue the Motion to Dismiss to June 13, 2007. On May 21, 2007, the Debtors filed a motion seeking to modify their confirmed plan. The Debtors thereby sought to reduce their monthly payment to creditors to $380, for a total payment of $23,120 to the Chapter 13 trustee. The parties subsequently agreed to continue the hearing on the Chapter 13 trustee's Motion to Dismiss and the Debtors' motion to modify their plan to July 11,

3

2007, then to July 25, 2007, then to August 15, 2007, then to October 17, 2007, then to November 14, 2007, then to December 12, 2007, and then to February 29, 2008.[1]

In support of their motion seeking to modify their plan, the Debtors filed an amended Schedule I and an amended Schedule J on May 21, 2007. The amended Schedule I included Mr. Brown's income from his new job and reflected a reduction in Mrs. Brown's gross wages from $4,300 per month to $1,500 per month. When compared to the Schedule J filed by the Debtors on July 20, 2006, the amended Schedule J increased the Debtors' monthly expenses from $4,179.17 to $5,698.30. Among other changes, the amended Schedule J increased the Debtors' monthly expense for cable (from $50 to $155.72), home maintenance (from $50 to $100), food (from $400 to $700), clothing (from $50 to $150), recreation (from $50 to $95), charitable contributions (from $0 to $40), internet services (from $0 to $40), cellular services (from $0 to $145), and business expenses (from $0 to $530). The Debtors also stated in their amended Schedule J that they anticipated spending $5,000 on plumbing repairs within the next year.

On February 25, 2008, the Debtors filed a motion seeking yet another continuance of the hearing on the Chapter 13 trustee's Motion to Dismiss and their motion to modify their confirmed plan. The Debtors alleged in their motion that Mr. Brown's wages from employment had materially changed in or around January 2008. The Debtors alleged that "it is necessary for [Mr. Brown] to work through March in order to provide the Court with a report that would allow the Debtors' Plan to be feasible." The Court granted the continuance and scheduled the Motion to Dismiss and the Debtors' motion to modify their confirmed plan for a hearing on May 15, 2008.

---

[1] Motions such as these are routinely set for hearing on what is commonly referred to as a "docket day." Numerous motions are scheduled to be heard on such days and, if the parties agree, a motion may be continued from one docket day to another.

4

On April 1, 2008, the Debtors filed another motion seeking yet another continuance. The Debtors alleged in the motion that "there has been a change of circumstance regarding the compensation for employment." The Court granted the motion and scheduled the Motion to Dismiss and the Debtors' motion to modify their plan for hearing on June 25, 2008. The parties subsequently agreed to continue the hearing to August 13, 2008. On July 28, 2008, the Court continued the hearing to October 22, 2008.

The Debtors appeared and testified at the hearing on October 22, 2008. At the conclusion of the hearing, the Court scheduled the Chapter 13 trustee's Motion to Dismiss and the Debtors' motion to modify their confirmed plan for later ruling. Two months later, on December 22, 2008, the Debtors filed a Motion to Reopen Testimony. The Court entered an Order Denying Motion to Reopen Testimony on January 15, 2009 pursuant to which the Court denied the Debtors' request to submit additional documentary evidence to the Court. On January 27, 2009, the Debtors requested reconsideration of the January 15th Order "in order to make full disclosure to the Court" and "to provide additional evidence to this Court confirming the information previously provided."[2]

## II. LEGAL ANALYSIS

"The hallmark of a Chapter 13 case is the Congressionally imposed bargain between the debtor and the debtor's creditors whereby the debtor is allowed to keep pre-

---

[2] Because the Debtors filed their request for reconsideration more than ten days after the entry of Order Denying Motion to Reopen Testimony, it is deemed a Federal Rule of Civil Procedure ("Rule") 60(b) motion. *See Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004); *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir. 1986) (en banc). The Court construes their argument as falling under Rule 60(b)(6), allowing the Court to grant relief for "any other reason justifying relief from the operation of the judgment."

petition property in exchange for promising a future stream of payments to the debtor's pre-petition creditors." *In re McNeely,* 366 B.R. 542, 548 (Bankr. N.D. W. Va. 2007). This bargain is effectuated through the Bankruptcy Code and Rules. Specifically, Bankruptcy Rule 3015(b) generally requires the debtor to file a plan of reorganization within 15 days after the petition date, and the debtors must begin making payments to creditors "not less than 30 days after the date of the filing of the plan" or the petition date, "whichever is earlier." 11 U.S.C. § 1326(a)(1). The Chapter 13 trustee disburses these payments to creditors upon confirmation of a plan or, if no plan is confirmed, returns the funds to the debtor after deducting any unpaid claim allowed under § 503(b) of the Bankruptcy Code. *See* 11 U.S.C. § 1326(a)(2).

The terms of repayment are not immutably fixed at confirmation. A debtor or Chapter 13 trustee may seek modification of a confirmed Chapter 13 plan based on changes in income and expenses. *See* 11 U.S.C. § 1329(a); *In re Nahat,* 315 B.R. 368, 379 (Bankr. N.D. Tex. 2004). Indeed, § 1306(a)(2) makes a debtor's post-petition earnings property of the bankruptcy estate, and § 1322(a)(1) requires that a plan provide for the submission of a debtor's future income. Section 521(f) of the Bankruptcy Code, which was enacted in 2005 as part of the Bankruptcy Abuse and Consumer Protection Act, requires, at the request of the Court, United States Trustee, or any party in interest, individual debtors to file statements of income end expenditures annually after the plan is confirmed and until the case is closed, as well as their annual income tax returns while their case is pending.

Bankruptcy Code § 1307 provides that a Chapter 13 case may be dismissed or converted to Chapter 7 for cause. A nonexclusive list of circumstances giving rise to

6

cause for dismissal or conversion includes "(1) Unreasonable delay that is prejudicial to creditors" and "(6) Material default by debtor with respect to a term of a confirmed plan." Although it is not listed in § 1307(c), "bad faith" is frequently cited as grounds for the dismissal or conversion of a bankruptcy case. *See, e.g., In re Dickerson*, 232 B.R. 894, 897 (Bankr. E.D. Tex. 1999) ("Although it is not specified in the Code, good faith is an implicit jurisdictional requirement for granting relief under Title 11 and that lack of good faith is a basis for dismissal.") (citing *In re Zick,* 931 F.2d 1124, 1126-27 (6th Cir. 1991)).

Good faith must be assessed on a case-by-case basis in light of the totality of the circumstances. *See, e.g., In re Young,* 237 B.R. 791, 798 (10th Cir. BAP 1999); *In re Lilley,* 91 F.3d 491, 496 (3rd Cir. 1996); *Handeen v. LeMaire (In re LeMaire),* 898 F.2d 1346, 1348-49 (8th Cir. 1990) (en banc). *See also In re Chaffin*, 836 F.2d 215, 217 (5th Cir. 1988) (adopting a "totality of the circumstances" test for good faith in the context of confirmation). The good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. *Lilley,* 91 F.3d at 496 (quoting *In re Love,* 957 F.2d 1350, 1355 (7th Cir. 1992)). Factors to consider include, but are not limited to, the following: the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in filing the petition, the effect on creditors, the debtor's treatment of creditors pre- and post-petition, and whether the debtor has been forthcoming with the Court. *Id.* (quoting *In re Love,* 957 F.2d at 1357).

Here, it appears that the Debtors have been less than completely forthcoming with this Court and the Chapter 13 trustee. The reduction in Mrs. Brown's salary appears to have been a voluntary act intended to thwart any attempt by the Chapter 13 trustee to increase the required payments to the Debtors' unsecured creditors. Further, the Debtors

7

have not explained why they failed to present all of the relevant documents and testimony supporting their arguments at the hearing on the Motion to Dismiss – a hearing for which they had ample time to prepare. *See American Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (relief under Rule 60(b) is granted "'only if extraordinary circumstances are present.'") (citation omitted). The Court, based on the record before it, is inclined to finds that grounds exist for the dismissal of this case based on a lack of good faith and unreasonable delay by the Debtors. However, perhaps the best indicator of the Debtors' good faith is whether they are willing to propose a modification to their confirmed plan that satisfies the requirements of § 1329(b)(1).

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the Debtors' motion to modify their plan, which was filed on May 21, 2007, and the Debtors' motion for reconsideration of the Order Denying Motion to Reopen Testimony, which was filed on January 27, 2009, should be denied. The Court further concludes that the Chapter 13 trustee's Motion to Dismiss should be granted unless, within 15 days, the Debtors file a new motion to modify their Chapter 13 plan which evidences a good faith effort to repay their creditors. If such modification is not timely filed or not approved, this case will be dismissed. The Court will enter a separate order consistent with this Memorandum Opinion.